**E-Filed 3/23/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BARBARA E. JOHNSTON, et al., | Case Number 5:11-cv-00567-JF |
| Plaintiffs, | ORDER SETTING HEARING AND BRIEFING SCHEDULE RE MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| CITIMORTGAGE, INC., et al., | |
| Defendants. | |

On February 8, 2011, Plaintiffs filed a complaint alleging violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 and regulations promulgated thereunder, as well as state law contract and fraud claims. On February 17, 2011, Plaintiffs filed an application for temporary restraining order ("TRO") and a motion for preliminary injunction, seeking to enjoin a foreclosure sale of their home that was set for February 22, 2011.

On February 20, 2011, counsel for Defendants Specialized Loan Servicing, LLC and Arch Bay Holdings, LLC notified the Court via email that Defendants had agreed to postpone the

1  foreclosure sale until March 22, 2011.[1]  In light of this fact Plaintiffs' application for TRO will
2  be terminated as moot.
3       A hearing on Plaintiffs' motion for preliminary injunction is hereby set for March 18,
4  2011, at 9:00 a.m.  Any opposition shall be filed on or before March 9, 2011.  Any reply shall be
5  filed on or before March 15, 2011.
6       It does not appear that Defendants CitiMortgage, Inc. and Quality Loan Service have been
7  given notice of these proceedings.  The Court presumes that Plaintiffs will give all Defendants
8  sufficient notice to enable them to file opposition to the motion for preliminary injunction should
9  they wish to do so.
10      IT IS SO ORDERED.

13 DATED: 2/23/2011

_____
JEREMY FOGEL
United States District Judge

---

[1] The Court appreciates Defendants' willingness to postpone the foreclosure sale in order to give the Court time to address Plaintiffs' filings in an orderly manner.  Because Plaintiffs filed their applications for injunctive relief on a Thursday afternoon seeking to enjoin a sale scheduled for the following Tuesday morning, the Court would have been hard-pressed to conduct a reasoned analysis prior to the sale, especially given the fact that the Monday before the sale was a federal holiday.