**E-Filed 3/18/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BARBARA E. JOHNSTON, et al., | Case Number 5:11-cv-00567-JF |
| Plaintiffs, | ORDER[1] DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| CITIMORTGAGE, INC., et al., | |
| Defendants. | |

Plaintiffs Barbara and Ross Johnston ("the Johnstons") seek a preliminary injunction prohibiting Defendants from going forward with a nonjudicial foreclosure sale of their home. The Court has considered the moving and responding papers and the oral argument presented at the hearing on March 18, 2011. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

The Johnstons filed the complaint in the instant action on February 8, 2007, alleging the following: in March 2008, they obtained a loan in the amount of $1,115,000 from Defendant Citimortgage, Inc. ("Citi") in connection with the purchase of their home. Complt ¶ 8. In 2009, their income decreased, and they became unable to pay their mortgage. Complt ¶ 11. They

---

[1] This disposition is not designated for publication in the official reports.

1  sought a loan modification from Citi, and believed that a repayment plan had been approved by
2  Citi in February 2010. Complt ¶ 18. In March 2010, they were notified that their loan had been
3  sold to Defendant Arch Bay Holdings, LLC ("Arch Bay"). Complt ¶ 20. At about the same time,
4  they were notified that their loan servicing had been transferred to Defendant Specialized Loan
5  Servicing LLC ("SLS"). Complt ¶ 19.

6  SLS refused to accept payments pursuant to the repayment plan that the Johnstons
7  believed had been approved by Citi. Complt ¶ 22. On March 18, 2010, SLS sent the Johnstons a
8  notice of default demanding full payment of loan arrearages in the amount of $49,323.04.
9  Complt ¶ 25. On April 6, 2010, the Johnstons submitted a request for loan modification to SLS.
10 Complt ¶ 27. On April 23, 2010, Defendant Quality Loan Service Corporation ("Quality") filed
11 a notice of default. Complt ¶ 29. On May 10, 2010, the Johnstons were notified that their
12 request for loan modification under the Home Affordable Modification Program would be denied
13 because their loan was in excess of $729,000, but that their request for an in-house modification
14 would proceed. Complt ¶ 30. The Johnstons were informed that SLS would not accept any
15 monthly payments because the loan was in foreclosure. *Id*.

16 On May 25, 2010, the Johnstons filed a Chapter 7 bankruptcy to protect them from
17 foreclosure. Complt ¶ 34. On July 7, 2010, an SLS representative informed the Johnstons that
18 their request for in-house loan modification no longer was being processed. Complt ¶ 38. On
19 the same date, they received an email stating that their request for loan modification had been
20 rejected. *Id*. On August 7, 2010, they received notice that the bankruptcy court would conduct a
21 hearing to determine whether the automatic bankruptcy stay should be lifted to permit sale of the
22 property. Complt ¶ 40. Relief from stay subsequently was granted, and a trustee's sale was
23 scheduled for October 12, 2010. Complt ¶ 42.

24 On September 27, 2010, the Johnstons filed suit in the Santa Cruz Superior Court and
25 simultaneously sought a temporary restraining order ("TRO") and preliminary injunction

2

Case No. 5:11-cv-00567-JF
ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(JFLC2)

enjoining the sale of the home. Def's Request for Judicial Notice ("RJN")[2] Exh. 1, State Court Complt. The state court granted the application for TRO and issued a preliminary injunction subject to a bond requirement of $110,978. RJN Exh. 2. This amount was less than ten percent of the total amount owing on the loan. The state court granted the Johnstons thirty days within which to post the bond. When the Johnstons failed to post the bond within the requisite time, the state court extended the deadline by an additional three weeks, stating that if proof of the bond was not provided by February 1, 2011, the preliminary injunction would be dissolved. The Johnstons did not provide proof of bond. The state court then issued an order dissolving the preliminary injunction and permitting the foreclosure sale to proceed on seven days' notice. RJN Exh. 5. As an accommodation to the Johnstons, Defendants agreed to hold off on the foreclosure sale until February 22, 2011.

The Johnstons filed the instant action on February 8, 2011, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 and regulations promulgated thereunder, violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607 and regulations promulgated thereunder, and state law contract and fraud claims. On Thursday, February 17, 2011, they filed an application for TRO and motion for preliminary injunction seeking to enjoin the February 22 foreclosure sale. On Friday, February 18, 2011, they dismissed their state court action. On February 20, 2011, counsel for Arch Bay and SLS notified the Court via email that they would postpone the foreclosure sale until March 22, 2011 in order to give the Court a reasonable period within which to consider the Johnstons' motion for preliminary injunction. The Court terminated the application for TRO as moot and set the motion for preliminary injunction for hearing on March 18, 2011.

## II. DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[2] Defendants request judicial notice of a number of documents filed in the bankruptcy court and the superior court. The request is granted.

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, ---, 129 S.Ct. 365, 374 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 376.

The Johnstons have failed to satisfy these requirements. The complaint asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon the TILA and RESPA claims. Complt ¶ 6. However, those three claims – the sixth, seventh, and eighth claims – allege statutory violations that occurred at the time of loan origination. None of the defendants named in this action is the original lender; the statutes in question simply do not apply to them. Moreover, both statutes are subject to a one-year limitations period for filing suit. 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA). The Johnstons obtained their loan in March 2008, but they did not file the instant action until February 2011. The federal claims thus appear to be time-barred on their face. Because the Johnstons have failed to allege a viable federal claim, they have failed to establish federal subject matter jurisdiction.[3] Under these circumstances, the Court is without authority to reach the state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001) ("where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367"). Accordingly, the Johnstons have failed to demonstrate that they are likely to succeed on the merits of any of their claims.

They likewise have failed to demonstrate that the balance of equities tips in their favor.

---

[3] At the hearing, the Johnstons' counsel requested leave to amend the complaint to allege subject matter jurisdiction based upon diversity of citizenship. The Court pointed out that no motion to dismiss had been filed, and thus the question of amendment was not presently before it. Because the instant motion seeks immediate injunctive relief, the Court must evaluate the Johnstons' likelihood of success on the merits of the claims as presently alleged. "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (quotation marks and citation omitted). Because the Johnstons have not alleged the citizenship of Defendants, their complaint fails to show jurisdiction based upon diversity of citizenship.

The Johnstons appear to be engaged in serial forum-shopping. They initially sought to block the foreclosure sale by filing for bankruptcy. When the bankruptcy court lifted the automatic stay, they filed an action in state court and sought injunctive relief there. The state court in fact issued a preliminary injunction, which it subsequently dissolved after the Johnstons failed to provide proof of bond. The Johnstons then filed the instant action on February 8, 2011. At that time, they knew that a foreclosure sale had been scheduled for February 22, 2010, but they did not immediately file an application for TRO or a motion for preliminary injunction. Instead, they waited until Thursday, February 17, 2011 to seek injunctive relief. Their unexplained delay put undue pressure on the Court and the other parties, especially given that Monday, February 21 was a federal holiday. It was only defense counsel's agreement to postpone the foreclosure sale that afforded the Court sufficient time to address the relevant issues in an orderly fashion. Under these circumstances, the Court concludes that any emergency caused by the pendency of the foreclosure sale is of the Johnstons' own making.

### III. ORDER

The motion for preliminary injunction is DENIED.

DATED: 3/18/2011

_____
JEREMY FOGEL
United States District Judge

Case No. 5:11-cv-00567-JF
ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(JFLC2)